IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03079-BNB

RICHARD D. COMPTON,

      Applicant,

v.

TOM CLEMENTS, Executive Director of the Colo Dept of Corrections, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO, JOHN SUTHERS,

      Respondents.

---

### ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

Applicant, Richard D. Compton, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Colorado Correctional Center.  Mr. Compton, acting *pro se*, filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C § 2254.  He has paid the $5.00 filing fee.

The Court must construe the application liberally because Mr. Compton is a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The Court, however, should not act as a *pro se* litigant's advocate.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Compton will be ordered to file an amended application.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires that Mr. Compton go beyond notice pleading.  *See Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977).  Naked allegations of constitutional violations devoid of factual support are not cognizable in a federal habeas action.  *See Ruark v.*

*Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).  Mr. Compton must allege on

the Court-approved form both the claims he seeks to raise and the specific facts to

support each asserted claim.  The Court has reviewed the application submitted to the

Court on April 26, 2011, and finds that it is deficient.  Mr. Compton fails to assert on

page six a statement of the claims he intends to raise in this Court.

In order to assert a cognizable habeas corpus claim pursuant to § 2254, Mr.

Compton must identify the specific federal constitutional right that allegedly has been

violated because § 2254 provides a remedy only for violations of the "Constitution or

laws or treaties of the United States."  28 U.S.C. § 2254(a).  Mr. Compton also must

provide specific factual allegations in support of each asserted claim.  Pursuant to Rules

2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States

District Courts, Mr. Compton must "specify all [available] grounds for relief" and he must

"state the facts supporting each ground."

Finally, Mr. Compton must name a proper Respondent in the amended pleading.

The law is well-established that the only proper respondent to a habeas corpus action is

the applicant's custodian.  *See* 28 U.S.C. § 2242; Rules 2(a), Rules Governing Section

2254 Cases in the United States District Courts; *Harris v. Champion*, 51 F.3d 901, 906

(10th Cir. 1995).  Therefore, Executive Director Tom Clements is not a proper party to

this action.  Accordingly, it is

ORDERED that Mr. Compton file **within thirty (30) days from the date of this

order** an amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254

that complies with this order.  It is

FURTHER ORDERED that Mr. Compton shall obtain the court-approved habeas corpus form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Compton fails within the time allowed to file an amended pleading as directed, the action will be dismissed without further notice.

DATED December 19, 2011, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge